The People of the State of New York, Respondent,
v. Fifth Avenue Coach Company, Appellant.

*Crimes — conviction for violation of provision of Labor Law requiring designation of day of rest for employees required to work on Sunday — when barn a " factory " within meaning of statute.*

People v. *Fifth Avenue Coach Co.*, 184 App. Div. 936, affirmed.

(Argued January 31, 1921; decided March 1, 1921.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1918, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of a violation of the Labor Law. The defendant was charged with operating a factory on Sunday without having complied with the provisions of the Labor Law (§ 8a, subd. 3), *i. e.*, without having posted in a conspicuous place on the premises a schedule containing a list of its employees who were required or allowed to work on Sunday and designating the day of rest for each, and without having filed a copy of such a schedule with the commissioner of labor. The alleged offense consisted in allowing a man to replace a " jack shaft " on a motor omnibus in the defendant's barn on Sunday, and the case turned on the question whether said barn was a factory within the meaning of section 2 of the Labor Law.

*Louis S. Carpenter, William D. Van Pelt* and *James L. Quackenbush* for appellant.

*Edward Swann, District Attorney* (*Robert C. Taylor* of counsel), for respondent.

Judgment affirmed; no opinion.

Concur: Hiscock, Ch. J., Hogan, Cardozo, Pound, McLaughlin, Crane and Andrews, JJ.